**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MARCIA NESSLE, etc., et al.,** ) | **CASE NO. 1:07CV3009** |
| ) | |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **vs.** ) | |
| ) | **OPINION AND ORDER** |
| **WHIRLPOOL CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter is before the Court on Defendant Whirlpool Corporation's Motion to Dismiss Plaintiff's Class Action Complaint. (ECF DKT #16). For the following reasons, the Court grants in part, and denies in part, Defendant's Motion to Dismiss.

**FACTS**

Plaintiff, Marcia Nessle, purchased a Whirlpool-manufactured side-by-side refrigerator, model number GD5SHAXNS01, in May 2006. (Complaint ¶ 11). Defendant Whirlpool sold the refrigerator under its 'Gold' label, which Plaintiff took to imply the product was special and worth purchasing at a premium, or at a minimum would work properly. (*Id*. ¶ 6). Whirlpool provided a one-year limited written warranty with the refrigerator. (*Id*. ¶¶ 17-18, 20). The

written warranty provides, in part:

> For one year from the date of purchase, when this major appliance is operated and maintained according to instructions attached to or furnished with the product, Whirlpool Corporation...will pay for Factory Specified Parts and repair labor to correct defects in materials or workmanship.  Service must be provided by a Whirlpool designated service company...

(Exhibit 1, Defendant's Motion to Dismiss).

Plaintiff alleges that within a few weeks of purchasing the refrigerator she began experiencing problems with the ice dispensing function of the refrigerator's ice maker.  (*Id*. ¶¶ 13-14).  Plaintiff claims the crushed ice clogs the ice chute, and freezes completely solid on a monthly basis, and she must manually remove the ice that has formed in the chute.  (*Id*. ¶ 13).  Plaintiff also alleges the "cubed ice feature" is defective, as ice cubes sit at the bottom of the chute and stay there until they are small enough to melt and drip through the chute.  (*Id*. ¶ 14).  The melting ice leaves water streaks on the stainless steel refrigerator, and creates puddles on the floor of Plaintiff's kitchen.  (*Id*.).

A service technician was dispatched to service the ice maker on several occasions.  (*Id*. ¶¶ 16, 18).  After each repair, Plaintiff alleges the ice chute would jam up and freeze again, and the refrigerator is now outside of the one-year-limited-warranty period.  (*Id*. ¶ 18).  Plaintiff claims a Whirlpool repairman told her "that her complaints about the ice chute represent a problem that Whirlpool has with that particular feature in its refrigerators," and that a Whirlpool customer service representative told her during a telephone conversation that it is necessary to run a few pieces of regular ice through the chute after using the crushed ice feature to clear out the chute.  (*Id*. ¶¶ 7, 15, 16).  Plaintiff alleges Whirlpool was aware of the alleged design defect in the refrigerators and failed to disclose the defect to her or members of the putative Ohio class.

(*Id*. ¶¶ 6, 7, 19).

Plaintiff commenced this action on October 2, 2007. Plaintiff seeks to represent a statewide class consisting of all current and former Ohio residents who have, at any time between 2000 and the present, purchased a side-by-side Whirlpool refrigerator that has a defective ice chute. (*Id*. ¶ 24). Plaintiff seeks an order requiring Defendant to repair or replace the defective ice chutes, and monetary relief for injuries proximately caused by the defect.

## **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a defense to a Complaint in which Plaintiff fails to state a claim upon which relief can be granted. "The Supreme Court recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc*., No. 06-6399, slip copy 2008 WL 116385, at *2, (6th Cir. Jan. 8, 2008) citing *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955 (2007). Factual allegations contained in a complaint must be more than mere speculation; however, *Twombly* requires "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. All well-pleaded allegations must be taken as true, and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). A complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint. *Brown v. Sun Healthcare Group, Inc*. 476 F.Supp.2d. 848, 850 (6th Cir. 2007).

## ANALYSIS

**I. VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT ("OCSPA")**

The OCSPA prohibits suppliers from committing "unfair or deceptive acts or practices" in connection with consumer transactions. Ohio Rev. Code § 1345.02. Plaintiff alleges Whirlpool's conduct has been unfair, deceptive, and unconscionable for purposes of OCSPA. (Complaint ¶ 29). Namely, she alleges Whirlpool sold the defective refrigerators under the "Gold" label, which she suggests falsely implies the products would work properly, be free from defects, and were worth purchasing at a premium. (*Id.*) She also alleges Whirlpool had prior knowledge of the defect in the ice makers, and failed to disclose same to consumers. (*Id.* ¶ 30). Defendant Whirlpool's Motion to Dismiss asks the Court to dismiss Plaintiff's claim because (i) she fails to plead any act or omission by Whirlpool that would constitute an unfair or deceptive act under the OCSPA, (ii) she fails to plead the element of proximate cause, and (iii) she does not allege facts showing Whirlpool had prior notice that its alleged conduct violated the OCSPA.

**A. Conduct by Whirlpool That Would Constitute an Unfair or Deceptive Act Under the OCSPA**

In her Complaint, Plaintiff alleges Whirlpool's use of the "Gold" label, and its alleged concealment of the defect in the ice maker constitute an unfair or deceptive act under the OCSPA. (Complaint ¶¶ 29, 30). Ohio Rev. Code § 1345.02(B) provides a list of conduct deemed to be "deceptive" and in violation of OCSPA, however, this list is by no means exhaustive. The Ohio Supreme Court has noted the OCSPA is "a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed..." *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29 (1990). As such, the Court denies Defendant's Motion to Dismiss at this time because Defendant's conduct was not deceptive as defined by the

OCSPA, as it may ultimately be possible for Plaintiff to prove otherwise.

### B. Proximate Cause

Defendant argues Plaintiff does not contend any of Defendant's alleged unfair and deceptive acts specifically induced her to purchase her refrigerator, and therefore she has failed to state a claim under the OCSPA. (Def. Mtn. to Dismiss at 6). Defendant points to the fact that Plaintiff does not contend the "Gold" label affected her decision to buy her refrigerator, and that Plaintiff did not read, hear, or see any other statements of fact by Whirlpool prior to purchasing the refrigerator (*Id.*). Defendant's argument, however, is largely unpersuasive. In her Complaint, Plaintiff alleges "[a]s a direct and proximate result of Whirlpool's violations of the [O]CSPA, Plaintiff and members of the Class have been injured." (Complaint ¶ 31). There is no provision in the statute itself requiring Plaintiff to show reliance on any statement of fact or omission. Ohio Rev. Code § 1345.02. The Sixth Circuit has held proximate cause is an essential element of a OCSPA claim, but noted "a showing of subjective reliance is probably not necessary to prove a violation of the OCSPA." *Butler v. Sterling, Inc*., No. 98-3223, 2000 WL 353502 at *4 (6th Cir. Mar. 31, 2000). In this case, Plaintiff does not allege reliance on specific representations made by Whirlpool; however, she does assert the alleged violations proximately caused the injuries to herself and other members of the Class.

The Eighth District Court of Appeals for Cuyahoga County, Ohio has held an individual reliance requirement is not necessary, specifically with regard to class action suits. *Amato v. General Motors Corp.*, 11 Ohio App. 3d 124, 126 (1982). In *Amato*, the Court specifically noted: "[C]onsumer claims would amount to little if acceptance of the representations made for the product could be manifested only by one-on-one proof of individual exposure." *Id*.

-5-

Furthermore, a recent District Court decision has held where Defendant is alleged to have made material misrepresentations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries. *Lilly, Jr. v. Hewlett-Packard Co.*, 2006 WL 1064063 at *5 (S.D. Ohio April 21, 2006). Here, Plaintiff alleges Whirlpool failed to disclose the defect in the refrigerators, which resulted in injuries to her and other member of the Class. Therefore, Plaintiff has satisfied the minimal proximate cause requirement required to sustain her OSCPA claim at this time.

  **C.**  **Prior Notice**

For class certification to be proper, Defendant must be on notice that the specific conduct at issue violated the OCSPA. *Bower v. I.B.M.*, 495 F.Supp. 2d 837, 841 (S.D. Ohio 2007). "[A] consumer may qualify for class-action certification under [O]CSPA only if Defendant's alleged violation is substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in R.C. 1345.09(B)." *Marrone v. Philip Morris USA, Inc*., 110 Ohio St. 3d 5, 6 (2006). Defendant argues Plaintiff fails to cite to any prior decision by an Ohio court holding conduct substantially similar to Whirlpool's was deceptive or unconscionable, and in fact, suggests the opposite is true: that non-disclosure of an alleged defect does not rise to the level of a deceptive act or practice under OCSPA. Despite Defendant's argument, Plaintiff does cite to several Ohio cases with similar facts where courts have held violations of OCSPA existed. (*See* Pltf. Mem. in Opposition at 10-11). Thus, Plaintiff's claim for OCSPA violations is able to withstand Defendant's Motion to Dismiss.

**II.**  **BREACH OF EXPRESS WARRANTY**

  Under Ohio law, an express warranty can be created in one of three ways:

> (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Ohio Rev. Code § 1302.26(A). In the case at bar, Plaintiff claims Defendant expressly warranted the refrigerators would actually work to provide ice without freezing up and becoming inoperable. (Complaint ¶ 33). However, Plaintiff fails to point to any evidence of an express warranty made by Whirlpool, either orally or in writing. Plaintiff suggests that because Whirlpool marketed and sold the refrigerators under the Whirlpool Gold® label, this implied they were "special and worth purchasing at a premium, or at a minimum, would work properly." (*Id*. ¶ 6). Although Plaintiff may have assumed the Whirlpool Gold® label implied the refrigerator would be reliable, or somehow special, she is unable to point to any evidence that Whirlpool represented this through its use of the Whirlpool Gold® label.

To the extent Plaintiff relies on the one-year written warranty as the basis for her express warranty claim, the terms of the written warranty do not appear to support her claim. The written warranty contains no language pertaining to the reliability or performance of the ice maker, and provides only for repair or replacement of any defective parts during the one-year limited warranty period. (*See* Def. Mtn. to Dismiss Exhibit 1). Plaintiff does not allege Whirlpool failed to honor the terms of this limited warranty, and, in fact, states Whirlpool came to her home to repair the refrigerator on more than one occasion. (Complaint ¶¶ 16, 18). Plaintiff fails to identify in her Complaint any statement of fact made by Whirlpool that would

constitute an express warranty, nor does she otherwise identify an applicable express warranty. Accordingly, Plaintiff's express-warranty claim is dismissed.

### III. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

In her third cause of action, Plaintiff argues Whirlpool breached the implied warranty of merchantability because the alleged defect in the refrigerator was present at the point of sale. (Complaint ¶¶ 43-44). In order to make out a claim for breach of implied warranty of merchantability, Plaintiff must prove her refrigerator was not "merchantable" at the time she purchased it; that is, not fit for its ordinary intended use of preserving food and making and dispensing ice. *See* Ohio Rev. Code § 1302.27(B)(3). Under Ohio law, in order to find an implied warranty of fitness for a particular purpose, the seller must be aware at the time of sale of a particular purpose for which the buyer intends to use the item; and the buyer must rely on the seller's skill or judgment in selecting goods for the particular purpose. *Dugan & Meyers Const. Co., Inc. v. Worthington Pump Corp. (USA)*, 746 F.2d 1166, 1175 (6th Cir. 1984).

Defendant argues Plaintiff's claim of a defective ice maker does not interfere with the essential functions of the refrigerator in any way. Defendant claims the alleged defect is "nothing more than a minor inconvenience that can be prevented-*e.g.*, by dispensing more ice-or remedied-*e.g.*, by soaking up the water drip-without need for a repair." Defendant contends Plaintiff is able to fix any problem with the ice maker herself by taking routine steps to maintain the ice dispenser; specifically, by removing the ice that has formed in the chute. Although Defendant concedes the refrigerator may not function perfectly, Defendant maintains Plaintiff's allegations do not show the refrigerator is unfit for its ordinary intended use of preserving food and making and dispensing ice, and asks that Plaintiff's cause of action for breach of implied

-8-

warranty of merchantability be dismissed.

Plaintiff contends the alleged defect in the refrigerator's ice maker rendered the ice maker inoperable. (Complaint ¶¶ 6, 13-18). Since making and dispensing ice is an ordinary and intended use of the refrigerator, Plaintiff argues the refrigerator is, therefore, unfit for its ordinary and intended use. (*Id*. at ¶ 40). At this stage of the proceedings, the Court must accept all facts alleged by Plaintiff in her Complaint are true. Therefore, the Court must accept Plaintiff's contention that the defect in her refrigerator rendered it inoperable in the making and dispensing of ice, which Defendant concedes is an ordinary and intended use of the refrigerator.

## IV.     BREACH OF IMPLIED WARRANTY IN TORT

In her Complaint, Plaintiff argues there is a defect in the refrigerators, the defect existed at the time they left the control of Whirlpool, and the injuries suffered by Plaintiff and Class members were directly and proximately caused by this defect. (Complaint ¶¶ 43-45). In its Motion to Dismiss, Defendant argues Plaintiff's claim for breach of implied warranty in tort is barred by the economic loss doctrine. Under Ohio law, the economic loss doctrine generally prevents recovery of damages for purely economic losses. *Pavlovich v. National City Bank*, 435 F.3d 560, 569 (6th Cir. 2006). Additionally, The Supreme Court of Ohio has said where privity of contract exists, the theory of implied warranty is unnecessary, as it is designed to protect consumers not protected by contractual sales warranties. *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 49 (1989).

It is premature at this stage to determine whether any contractual arrangement Plaintiff may have had with Whirlpool will serve to bar Plaintiff's claim for implied warranty in tort. The Court cannot yet conclude Plaintiff is unable to prove any set of facts in support of her claim for

breach of implied warranty in tort. Additionally, Plaintiff argues even if the Court were to find she is in privity of contract with Whirlpool, this has no bearing on the other members of the putative Class, many of whom are "remote purchasers who are not in direct privity of contract with Whirlpool." (Pltf. Mem. in Opposition at 18). Accordingly, the Court denies Defendant's Motion to Dismiss Plaintiff's claim for breach of implied warranty in tort.

**V.     UNJUST ENRICHMENT**

Under Ohio law, there are three elements Plaintiff must prove in order to make out a claim for unjust enrichment: there must be (1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit under the circumstances where it would be unjust to do so without payment. *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860 (6th Cir. 2002). In this case, there is no disagreement as to the first two elements, as Plaintiff and other Class members conferred a benefit upon Whirlpool by purchasing the refrigerators, and Whirlpool had knowledge of the purchases. It is the third element at issue in Plaintiff's claim for unjust enrichment in this matter. In her Complaint, Plaintiff contends Whirlpool has been unjustly enriched at the expense of Plaintiff and Class members, and alleges it would be unjust to permit Whirlpool to retain these monies without payment of restitution to Plaintiff and Class members. (Complaint ¶ 49). In its Motion to Dismiss, Defendant Whirlpool argues it has not been unjustly enriched, as Plaintiff continues to use her refrigerator for its essential purposes of preserving food, and making and dispensing ice.

The doctrine of unjust enrichment does not apply when a contract actually exists; rather,

-10-

it is an equitable remedy to be used only when the court finds there is no contract." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006) (citing *All Occasion Limousine v. HMP Events*, No.2003-L-140, 2004 WL 2803383 at *4 (Ohio Ct.App. Sept. 24, 2004)).  However, the parties are entitled to plead all equitable and legal claims available to them.  Since Plaintiff is pleading this claim in the alternative, and it is still unclear what the resolution of the rest of Plaintiff's claims will be, her claim for unjust enrichment survives at this stage.

## **CONCLUSION**

The Court denies Defendant's Motion to Dismiss Plaintiff's claim for violation of the OCSPA, as Plaintiff has pled the three elements required to allege a claim under the OCSPA. The Court must accept the allegations in the Complaint as true and construe them liberally in favor of Plaintiff in considering this Motion to Dismiss.  Since Plaintiff fails to identify an applicable express warranty in her Complaint, however, Defendant's Motion to Dismiss with respect to Plaintiff's claim for breach of express warranty is granted.

With regard to Plaintiff's claim for breach of implied warranty of merchantability, the Court must accept Plaintiff's contention the alleged defect rendered the ice maker inoperable and unfit for its intended purpose of making and dispensing ice.  Therefore, Defendant's Motion to Dismiss Plaintiff's claim for breach of implied warranty of merchantability is denied.  Similarly, the Court cannot yet conclude Plaintiff is unable to prove any set of facts in support of her claim for breach of implied warranty in tort, and Defendant's Motion to Dismiss is denied with respect to that claim.

Plaintiff's unjust enrichment claim also survives Defendant's Motion to Dismiss at this juncture.  Plaintiff pleads unjust enrichment as an alternative claim, and it is remains unclear

what the resolution of the rest of Plaintiff's claims will be.  Therefore, granting Defendant's Motion to Dismiss with respect to the unjust enrichment would be premature; and the Motion as to the unjust enrichment claim is denied.

**IT IS SO ORDERED.**

**DATE: _July 25, 2008_____**

   **S/Christopher A.  Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**